UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANDREW DUQUM, | ) |
| Plaintiff, | ) ) ) |
| | ) Case No. 4:15-CV-1537-SPM |
| vs. | ) ) |
| SCOTTRADE, INC., | ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Motion for Entry of Pretrial Order No. 1 Re: Appointment of Interim Class Counsel filed by Plaintiffs Andrew Duqum, Stephen Hine, and Matthew Kuhns ("the Moving Plaintiffs"). (Doc. 32). Defendant Scottrade, Inc. ("Defendant") does not oppose the motion. (Doc. 63). For the following reasons, the motion will be granted in part and denied in part.

**I. BACKGROUND**

The Moving Plaintiffs filed three separate class action complaints against Defendant Scottrade arising out of a cyber-security incident in which Plaintiffs' personal information was allegedly compromised. Upon a joint motion to consolidate filed by the Moving Plaintiffs and Defendant, those actions were consolidated under the instant case number. (Doc. 36). A fourth Plaintiff, Angela Martin, filed another class action complaint arising out of the same incident. Upon a second joint motion to consolidate, the *Martin* case was also consolidated with the others under the instant case number. (Doc. 38). The parties have now filed a consolidated class action complaint. (Doc. 40).

1

In conjunction with their first motion to consolidate, the Moving Plaintiffs filed the instant motion, seeking the appointment of interim class counsel pursuant to Fed. R. Civ. P. 23(g)(3). Plaintiffs seek an order appointing Joseph J. Siprut, P.C., and Timothy G. Blood of Blood Hurst & O'Reardon, LLP, as interim class counsel. They also seek an order appointing Anthony G. Simon of The Simon Law Firm, P.C., Katrina Carroll of Lite DePalma Greenberg, LLC, J. Jason Hill of Cohelan Khoury & Singer, and Geoffrey J. Spreter of Spreter Law Firm, APC, as Executive Committee members. Defendant Scottrade initially opposed the motion but has withdrawn its opposition. (Doc. 63).

## II. DISCUSSION

Rule 23(g)(3) of the Federal Rules of Civil Procedure provides that "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "While not statutorily required, the appointment of interim class counsel may be helpful in 'clarify[ing] responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement.'" *Roe v. Arch Coal, Inc.*, No. 4-15-CV-910 (CEJ), 2015 WL 6702288, at *2 (E.D. Mo. Nov. 2, 2015) (quoting Federal Judicial Center, *Manual for Complex Litigation* § 211.11 (4th ed. 2004)).

The Court finds that appointment of interim counsel is appropriate here because it will clarify responsibility for protecting the interest of the class during precertification activities and will promote efficient case management. *See id.* at *2; *see also Delre v. Perry*, 288 F.R.D. 241, 247 (E.D.N.Y. 2012) ("In cases . . . where multiple overlapping and duplicative class actions have been transferred to a single district for the coordination of pretrial proceedings, designation

of interim class counsel is encouraged, and indeed is probably essential for efficient case management.") (internal quotation marks omitted).

However, the Moving Plaintiffs have not explained why the appointment of Executive Committee members is necessary at this time or what the role of the Executive Committee members would be. Therefore, to the extent that the motion seeks to appoint Executive Committee members, the motion will be denied without prejudice.

Although the Federal Rules of Civil Procedure do not specify the standards to be used in evaluating whether to appoint a particular attorney as class counsel, "[c]ourts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A)." *Arch Coal*, 2015 WL 670228, at *2. *See also Se. Mo. Hosp. v. C.R. Brand, Inc.,* No. 1:07cv0031 TCM, 2007 WL 4191978, *1 (E.D. Mo. Nov. 21, 2007). Rule 23(g)(1)(A) requires the Court to consider:

    (i)    the work counsel has done in identifying or investigating potential claims in the action;

    (ii)   counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

    (iii)  counsel's knowledge of the applicable law; and

    (iv)  the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). Additionally, the court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

Upon consideration of these factors, the Court finds that Joseph J. Siprut and Timothy G. Blood will fairly and adequately represent the best interests of the proposed class. As to the first factor, the complaints filed by these attorneys in the *Hine* and *Duqum* actions illustrate that these

attorneys have sufficiently and diligently investigated the facts and claims alleged by the plaintiffs. As to the second and third factors, the documentation submitted by the Moving Plaintiffs shows that these attorneys have extensive experience in class action litigation, including cases involving electronic data breaches. *See* Docs. 32-1 & 32-2. As to the fourth factor, the proposed interim class counsel's actions in this case thus far and their experience in other cases suggest that they have a willingness and ability to commit resources to this litigation.

For all of the above reasons,

**IT IS HEREBY ORDERED** that the Motion for Entry of Pretrial Order No. 1 Re: Appointment of Interim Class Counsel filed by Plaintiffs Andrew Duqum, Stephen Hine, and Matthew Kuhns (Doc. 32) is **GRANTED IN PART and DENIED IN PART.** To the extent that the motion seeks the appointment of Interim Class Counsel, it is **GRANTED**. To the extent that the motion seeks the appointment of Executive Committee members, it is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Joseph J. Siprut of Siprut PC and Timothy G. Blood of Blood Hurst & O'Reardon, LLP, are appointed Interim Class Counsel to act on behalf of the plaintiffs in the consolidated actions.

**IT IS FURTHER ORDERED** that Interim Class Counsel shall have authority over the following matters on behalf of all plaintiffs in the consolidated actions: (1) initiating, responding to, scheduling, briefing, and arguing all motions; (2) coordinating and conducting discovery on behalf of plaintiffs in the consolidated actions; (3) coordinating the selection and preparation of expert witnesses for the plaintiffs in the consolidated actions; (4) conducting settlement negotiations on behalf of the plaintiffs in the consolidated actions; (5) delegating specific tasks to other counsel as necessary to ensure that pretrial preparation for the plaintiffs in the consolidated

actions is conducted efficiently and effectively; (6) entering into stipulations with opposing counsel as necessary for the conduct of the litigation; (7) communicating with defense counsel and the Court on behalf of all plaintiffs and the proposed class; and (8) performing such other duties as may be incidental to proper coordination of plaintiffs' activities or authorized by further order of the Court. Defense counsel may rely on all agreements made with Interim Class Counsel, and such agreement shall be binding. No communication among counsel for the plaintiffs shall be construed as a waiver of any privilege or protection to which they would otherwise be entitled.

**IT IS FINALLY ORDERED** that the designation of Interim Class Counsel does not affect any issues relating to class certification of the consolidated actions. When appropriate, the Court will separately assess and determine whether classes should be certified, and if necessary, will determine whether the attorneys appointed as Interim Class Counsel should be appointed as class counsel, allowing all parties to present their arguments and objections.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 28th day of April, 2016.